United States District Court
Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

8
9
10
11
12
13
14
15
16
17

| | |
|---|---|
| SCOTT JOHNSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>GDRR PROPERTIES, LLC, et al.,<br><br>                    Defendants. | Case No. 16-CV-05839-LHK<br><br>**ORDER DENYING APPLICATION FOR STAY AND EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>Re: Dkt. No. 9 |

18       Plaintiff Scott Johnson brings this action against Defendants GDRR Properties, LLC

19  ("GDRR") and Kickz, Inc. ("Kickz") for violation of the Americans with Disabilities Act

20  ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the California Unruh Civil Rights Act, Cal. Civil Code

21  §§ 51 *et seq.* Plaintiff alleges that he visited the Kickz store, on property owned by GDRR, on

22  several occasions and encountered barriers to access in the form of a door with "a pull bar handle

23  that requires tight grasping to operate" and a lack of parking spaces reserved for people with

24  disabilities. ECF No. 1 ("Compl.") ¶ 22. Before the Court is Defendants' request to stay the action

25  and refer the parties to early neutral evaluation pursuant to California Civil Code § 55.54. ECF

26  No. 9.

27       Under California law, the Construction-Related Accessibility Standards Compliance Act,

28

1

United States District Court
Northern District of California

1    Cal. Civ. Code §§ 55.51–55.54, "entitles some defendants in construction-related accessibility

2    suits to a stay and [an early] evaluation conference for the lawsuit." *O'Campo v. Chico Mall, LP*,

3    758 F. Supp. 2d 976, 983 (E.D.Cal.2010) (citing Cal. Civ. Code § 55.54(b)(1)). However, as

4    Plaintiff points out in his opposition to Defendants' request for a stay, several courts in the Ninth

5    Circuit have held that § 55.54(b)'s stay and early neutral evaluation provisions cannot be applied

6    to ADA claims because those procedures are preempted by the ADA. *See O'Campo v. Chico Mall*,

7    *LP*, 758 F. Supp. 2d 976, 984-85 (E.D. Cal. 2010) (holding that § 55.54(b) does not apply to ADA

8    claims because those requirements impose "additional procedural hurdles to a plaintiff bringing a

9    claim under the ADA."); *Lamark v. Laiwalla*, 2013 WL 3872926, at *1 (E.D. Cal. July 25, 2013)

10   (same); *Moreno v. Town & Country Liquors*, 2012 WL 2960049, at *4 (E.D. Cal. July 19, 2012).

11   Additionally, several courts in the Ninth Circuit have held that § 55.54 cannot be applied to state

12   law claims brought in federal court under the rule of *Erie Railroad Company v. Tompkins*, 304

13   U.S. 64 (1938), that federal courts should apply federal procedural law. *See Oliver v. Hot Topic,*

14   *Inc.*, 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010) ("§ 55.54(d) is not likely to change the

15   end result of the litigation because it simply dictates a mechanism for scheduling the case.");

16   *O'Campo v. Chico Mall*, LP, 758 F.Supp.2d 976, 984-85 (E.D. Cal. 2010) (same); *Moreno v.*

17   *Town and Country Liquors*, 2012 WL 2960049, *4 (E.D. Cal. 2012) (same); *Lamark v. Laiwalla*,

18   2013 WL 3872926, at *1 (E.D. Cal. 2013) (same).

19        Defendants do not respond to these arguments in their reply brief, and the Court finds

20   *O'Campo*, *Moreno*, *Oliver*, and *Lamark* persuasive. As pointed out in *O'Campo*, the Ninth Circuit

21   has held that "for federal law to preempt state law, it is not necessary that a federal statute

22   expressly state that it preempts state law." *Hubbard v. SoBreck, LLC*, 554 F.3d 742 (9th Cir.

23   2009). Instead, it is enough that § 55.54 "actually conflicts" with the ADA by imposing a

24   procedural hurdle that the ADA does not require. *Id.* Similarly, an early evaluation conference

25   does not implicate "substantive rights" under California law and does not "so intimately affect

26   recovery or non-recovery [that] a federal court . . . should follow State law." *Guaranty Trust Co. v.*

27   *York*, 326 U.S. 99 (1945). Thus, under the *Erie* doctrine the Court must follow applicable federal

28

2

1   procedural law, which does not provide for a stay and early evaluation conference in these

2   circumstances, but instead provides for a revised schedule pursuant to General Order No. 56 of the

3   Northern District of California. *See also* ECF No. 5 (outlining case schedule pursuant to General

4   Order No. 56).

5         The Court also finds that a stay based on the Court's inherent equity powers is not

6   warranted. Under General Order No. 56, a party seeking to adjust the schedule set forth under

7   General Order No. 56 must "file a Motion for Administrative Relief pursuant to Civil Local Rule

8   7-11." General Order No. 56, at 2. Defendants have not filed such a motion. Additionally, other

9   than a vague statement about "protracted litigation and/or incurring excessive attorney[']s fees and

10  costs," Reply at 3, Defendants have not identified any prejudice that would result from following

11  case schedule set forth by General Order No. 56. Therefore, Defendants have not demonstrated

12  that a stay is warranted in this case.

13        For the foregoing reasons, Defendants' request for a stay and early evaluation conference

14  pursuant to California Civil Code § 55.54 is DENIED.

15  **IT IS SO ORDERED.**

16

17  Dated: December 20, 2016

18  _Lucy H. Koh_____

19  LUCY H. KOH
    United States District Judge

20

21

22

23

24

25

26

27

28

3

Case No. 16-CV-05839-LHK
ORDER DENYING APPLICATION FOR STAY AND EARLY NEUTRAL EVALUATION CONFERENCE